WELLFORD, Senior Circuit Judge,
concurring in part and dissenting in part:
In this vigorously contested case, the jury found in favor of the defendant on Berman’s discrimination claim. The district court entered a final judgment in defendant’s favor on this claim and we have affirmed this action. Plaintiff filed his discrimination claim on or about June 1315,1993. He complained about adverse actions taken against him by reason of his religion in paragraphs 14 through 34, inclusive, that took place before he filed his discrimination charge.[1] He sets forth asserted discriminatory religious conduct under Title VII through paragraph 70 of his complaint. Plaintiff failed to sustain all of these charges, some of which entailed conduct after June 15,1993.
*703 There is no question but that Berman received promotions and pay increases while he was working for defendant. He declined an offered promotion (or any with a pay increase) to a position of sales supervisor in Orkin’s Miami office in 1992, and Berman declined, at a later time, another such promotion to Orkin’s Pompano office. Berman does not challenge this jury verdict on the discrimination claim.
Berman’s retaliation charge, filed August 26,1993, asserted these claims:
(1) sales leads were given to others, and his complaints went unanswered;
(2) he was promised a new territory which was cut in half;
(3) hearsay information that a branch manager will never offer him a managerial position again.
The EEOC found no basis to believe there had been, in fact, a violation of the statute of July 18,1994.
The district court, which had opportunity to hear the proof and evidence, granted judgment as a matter of law to defendant. The district court made a finding as to contention (1) that Berman acknowledged that defendant’s alleged failure to give him sales leads took place before his original charge on June 15, 1993. This is borne out by the original complaint.
The district court found that “plaintiff acknowledged that, at all times, his territory was at least as large as that of other salespeople, and Berman had no knowledge whether or not territory changes resulted from changes in the size of staff,” as defendant maintained.
Even if arguendo it were assumed that there were a basis for these changes, the district court concluded that “plaintiff failed to establish that any adverse employment action was causally related to the filing of the plaintiffs grievance with the EEOC.”
Berman’s case, at best, was a thin one. Especially troubling was refusal of the offer of promotion in light of uncontradicted testimony of Orkin officials that had he accepted this promotion, this supervisory position would have had little, if any, impact on his continued ability to sell. Also troubling is that Berman’s many other complaints about being mistreated because he was Jewish were found not to have any substance by the jury (nor by the EEOC).
Reluctantly, I join the opinion that we should reverse the district court with respect to the retaliation claim and the award of damages. I would not, however, grant reinstatement to Berman under the circumstances of this case.

. In Paragraphs 50 through 54 and 57 and 58, Berman reiterated some of these same charges pertaining to alleged discriminatory conduct of defendant that occurred prior to June 15, 1993.